UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
NANCY MACNEILL, *et al.*,          )
                                   )
                  Plaintiffs,      )   Case No. C16-189RSL
                                   )
          v.                       )
                                   )   ORDER GRANTING IN PART
THE BENEFITS PLAN OF THE           )   DEFENDANTS' MOTION TO
PRESBYTERIAN CHURCH (U.S.A.), *et al.*, )   DISMISS
                                   )
                  Defendants.      )
_____)

This matter comes before the Court on "Defendants' Motion to Dismiss." Dkt. # 15. In September of 2013, plaintiff Angel MedFlight, a provider of air-ambulance services, transported plaintiff Nancy MacNeill from Kentucky to Seattle following medical complications MacNeill suffered while traveling. Plaintiffs together brought suit against defendants The Benefits Plan of the Presbyterian Church (U.S.A.) ("Benefits Plan") and Highmark Inc. ("Highmark"), alleging that defendants improperly denied reimbursement for the cost of Angel MedFlight's services. Defendants now move to dismiss on the basis that plaintiffs have failed to state a claim and that Angel MedFlight lacks standing to bring suit. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court determines that this matter can be decided without oral argument and finds as follows:

**I.      Failure to State a Claim**

Under federal pleading rules, plaintiffs must provide "a short and plain statement of the

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[1] This pleading requirement serves to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (internal marks and citation omitted). When a defendant attacks a complaint's adequacy pursuant to Federal Rule of Civil Procedure 12(b)(6), the question for the court is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Id. at 544. When reviewing the complaint, all well-pleaded allegations of material fact are accepted as true and are construed in the light most favorable to the non-moving party. Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). Although the complaint's factual allegations need not be detailed, they must include "more than labels and conclusions" and must contain more than a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Taylor v. Yee, 780 F.3d 928, 935 (9th Cir. 2015) (internal citation omitted). Dismissal without leave to amend is proper "only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Grogan v. Health Officer of Cty. of Riverside, 221 F.3d 1348 (9th Cir. 2000) (quotation marks and citation omitted).

### A.   Pleading a Contract Versus Trust Violation

In their complaint, plaintiffs claim that the Benefits Plan, to which MacNeill belongs, is an enforceable contract that entitles plaintiffs to reimbursement for Angel MedFlight's air-ambulance services. Dkt. # 1-2 at ¶ 5.1. Defendants assert that the Benefits Plan is actually a trust, which entails different legal standards and different elements of breach than a contract.

---

[1] Although this case was initially brought in state court, the Federal Rules of Civil Procedure govern pleading standards after removal. See Willy v. Coastal Corp., 503 U.S. 131, 134 (1992) (citing Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."); id. 81(c) ("These rules apply to a civil action after it is removed from a state court.")).

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS           -2-

Dkt. # 23 at 11-12.  Defendants ask that the complaint be dismissed because plaintiffs not only pled an improper legal claim, but also failed to plead facts that would sustain a cause of action under trust law.  Id. at 11, 13-14.

When identifying whether a plaintiff's complaint properly states a claim, the question is whether the complaint's factual allegations make that claim plausible.  The Supreme Court has made clear that a complaint need not "set out a legal theory for the plaintiff's claim for relief," so long as the plaintiff has "[pled] facts sufficient to show that her claim has substantive plausibility."  Johnson v. City of Shelby, 135 S. Ct. 346, 347 (2014).  The Court in Johnson clarified that the pleading requirements refined in Twombly, 550 U.S. 554, and Ashcroft v. Iqbal, 556 U.S. 662 (2009), dealt with the factual allegations a complaint must contain to survive a motion to dismiss rather than the legal theory a complaint must include.  A claim should not be dismissed on the basis of a technicality when the claim's factual allegations are sufficient to demonstrate the plaintiff is entitled to relief.  See Johnson, 135 S. Ct. at 347 (allowing plaintiffs to amend their Fourteenth Amendment claim to include a citation to 42 U.S.C. § 1983).

Even after Johnson, a complaint should be dismissed when its factual allegations fail to support a legal theory.  For example, defendants cite Bornstein v. County of Monmouth, No. 11-cv-5336, 2015 WL 2125701 (D.N.J. May 6, 2015), in which the court rejected a plaintiff's belated attempt to add a § 1983 claim to an existing medical malpractice suit when the plaintiff had not alleged any Monell-type custom or policy of wrongdoing.  Id. at *12 ("Plaintiff's [amended complaint] fails to include reference to a single element of or any specific facts to support a § 1983 claim . . . .").  As made clear in Johnson, however, a plaintiff's failure to state the correct legal theory should not preclude her from litigating a potentially meritorious claim if that claim is factually supported.

The factual elements that support a claim for breach of contract and breach of trust are essentially the same.  In the first, a plaintiff must show that a contract existed, that the defendant

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS           -3-

breached a duty created by the contract, and that damages resulted. J.F. Walker Co. v. Excalibur Oil Grp., Inc., 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002). For the second, Pennsylvania applies the Restatement rule, see In re Scheidmantel, 868 A.2d 464, 481 (Pa. Super. Ct. 2005), which states that "[a] breach of trust is a violation by the trustee of any duty which as trustee he owes to the beneficiary." Restatement (Second) of Trusts § 201 (1959). The source of a trustee's duty is either the trust document itself or a background statutory or common-law requirement. Id. cmt. b. Both types of claims require the same basic showing: the presence of a formative instrument; a duty owed by the defendant to the plaintiff; and a breach of that duty. The differences between contract and trust law are not in the elements of breach, but in the parties' substantive duties – the contours of the promisor-promisee and trustee-beneficiary relationships entail significantly different obligations. See Shick v. Norristown-Penn Trust Co., 36 A.2d 482, 483-84 (Pa. 1944). For example, while a party to a contract owes only what was contracted for, a trustee holds trust property for the benefit of the trust's beneficiaries, and owes them a fiduciary duty. In re Estate of Warden, 2 A.3d 565, 572 (2010).

In this case, as a threshold matter, the Court agrees with defendants' assertion that the plan under which plaintiffs seek reimbursement is an ERISA-exempt church plan governed by Pennsylvania trust law. Other courts have analyzed the Benefits Policy at issue here and come to the same conclusion. See Leacock v. Bd. of Pensions of Presbyterian Church USA, No. 09-cv-754-C, 2010 WL 2653345 (W.D. Ky. July 1, 2010); McAninch-Ruenzi v. Bd. of Pensions of The Presbyterian Church (U.S.A.), No. 06-cv-1040-PA, 2007 WL 1039495 (D. Or. Apr. 2, 2007). That plaintiffs have instead pled that the dispute is controlled by contract law, however, does not justify dismissal without leave to amend.

Plaintiffs' complaint has provided defendants with notice about the factual basis for their claim and includes sufficient factual allegations to make that claim plausible. Plaintiffs' allegations, taken as true, identify the existence of a formative document, a duty held by

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS           -4-

defendants, and a breach of that duty: "MacNeill was a participant in and covered by the Benefits Plan," Dkt. # 1-2 at ¶ 2.1; "Air-ambulance transportation is a service covered by the Benefit Plan," id. at ¶ 4.4; and "Because air-ambulance transportation was medically necessary and met the terms of the Benefits Plan, Defendants are obligated to reimburse Plaintiffs." Id. at ¶ 4.9. These statements satisfy the requirements laid out in Rule 8 and clarified by Twombly and Iqbal. Dismissing plaintiffs' claim without leave to amend would unnecessarily deny a potentially meritorious lawsuit. As currently pled, however, plaintiffs' complaint asserts a legal theory unsupported by sufficient factual allegations: there is no underlying contract to support a contract-based cause of action. Providing an opportunity to correct that mismatch will avoid future confusion while allowing plaintiffs to litigate the merits of their claim.

For the foregoing reasons, defendants' motion to dismiss is granted. Dismissal, however, is without prejudice, in order to allow plaintiffs to amend their complaint to state the correct theory of breach.

### B. Coverage Under the Plan

Should plaintiffs file an amended complaint, defendants' assertions regarding the Benefits Plan's coverage will still be relevant and are addressed here to conserve the resources of the parties and the Court. Plaintiffs allege that while MacNeill was in Kentucky, she suffered from symptoms related to a liver disease that had previously been treated in Seattle. Despite receiving treatment at Jewish Hospital in Louisville, her symptoms continued. Her Louisville and Seattle doctors determined she should be treated in Seattle and that "[t]he severity of her condition and complications made it unsafe to fly commercially or to take ground transportation." Dkt. # 1-2 at ¶ 4.3. Defendants assert two reasons why these facts are insufficient to state a claim. The first is that plaintiffs failed to show that air-ambulance services were medically necessary. Dkt. # 15 at 15. The second is that plaintiffs failed to demonstrate that Seattle was the nearest facility able to treat MacNeill. Id. at 16-17.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS           -5-

Defendants' arguments over whether the Benefits Plan's substantive requirements are met are premature in a motion to dismiss. Defendants nonetheless cite ample authority holding that certain types of procedures or other medical expenses (including air-ambulance services) are not "medically necessary." Dkt. # 15 at 12-13. Nearly all of these decisions were decided on summary judgment, where the parties could establish medical necessity with the benefit of discovery. By contrast, the "short and plain statement" required by Rule 8 need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

Plaintiffs' allegations, taken as true, state a plausible claim for reimbursement. Although defendants are correct that the complaint contains legal conclusions the Court is not required to accept, Dkt. # 15 at 14; see, e.g., Dkt. # 1-2 at ¶ 4.7 ("[I]t was medically necessary to transport MacNeill . . . ."), it also contains factual allegations regarding MacNeill's condition sufficient to make plaintiffs' claim for medical necessity plausible. E.g., id. at ¶ 4.2 ("[MacNeill's] hemoglobin and platelet levels remained well outside normals ranges. She also experienced additional complications, including problems with clotting."); id. at ¶ 4.3 ("[Her doctors] recommended that MacNeill be transferred to Seattle for further treatment."). The medical necessity of air-ambulance services and whether Seattle was the nearest facility available to treat MacNeill are matters to be addressed on summary judgment.

## II. Angel MedFlight's Standing

The parties dispute whether MacNeill could properly assign her claim to Angel MedFlight. Dkt. # 15 at 20; Dkt. # 20 at 11. Plaintiffs' complaint simply states that, "under its agreement with MacNeill, [Angel MedFlight] is entitled to any reimbursement paid by Highmark or the Benefits Plan." Dkt. # 1-2 at ¶ 2.2. Plaintiffs assert in their briefing that MacNeill has assigned her claim. Dkt. # 20 at 11. Plaintiffs will have the opportunity to clarify the basis of their respective claims for reimbursement when amending their complaint, including

each plaintiff's post-assignment standing to bring suit.

Because the current state of Pennsylvania's assignment law will bear on plaintiffs' amendment, it is worth clarifying the limits of assignment. Despite the inclusion of an anti-assignment clause in the Benefits Plan document, Dkt. # 16-2 at 34, Pennsylvania courts have long held that "'[a] provision in a policy, prohibiting an assignment after loss has occurred, is generally regarded as void, in that it is against public policy.'" Egger v. Gulf Ins. Co., 903 A.2d 1219, 1224 (Pa. 2006) (quoting Nat'l Mem'l Servs., Inc. v. Metro Life Ins. Co., 49 A.2d 382 (Pa. 1946)).[2] The Egger court's rationale was that post-loss assignment does not increase the risk to an insurer associated with an undesirable assignee – for example, if a pre-loss assignee elected to stop paying premiums and allow the policy to lapse. Id. at 1223. Although defendants point to other jurisdictions that uphold all health insurance anti-assignment clauses, see Dkt. # 23 at 16 (citing Somerset Orthopedic Assocs. v. Horizon Blue Cross & Blue Shield of N.J., 785 A.2d 457 (N.J. App. Div. 2001)), that does not appear to be the rule in Pennsylvania.

Based on the reasons discussed, defendants' motion to dismiss for failure to state a claim, Dkt. # 15, is GRANTED in part. If plaintiffs believe they can amend the complaint to remedy the pleading and legal deficiencies identified above, they may file an amended complaint on or before June 10, 2016. If an amended complaint is not timely filed, judgment will be entered in favor of defendants and against plaintiffs.

---

[2] The two Pennsylvania cases defendants cite do not alter this rule. Dkt. # 23 at 10-11. In the first, the plaintiff sought "to compel defendant to make certain changes in the subscription agreements and related fee schedules which it issues to its subscribers." Boyd v. Pa. Blue Shield & Med. Serv. Ass'n of Pa., 54 Pa. D. & C.2d 724 (Com. Pl. 1971). That case only tangentially bears on the question of assignment at issue here. Although the second, Kassab v. Medical Services Ass'n of Pennsylvania, 39 Pa. D. & C.2d 723 (Com. Pl. 1966), aff'd, 230 A.2d 205 (Pa. 1967) (mem.), applied an insurance plan's anti-assignment restriction to the parties' assignment made "[a]t the time of the performance" of medical services, that opinion was decided after National Memorial Services and before Egger. To the extent Kassab conflicts with both pre- and post-dated Pennsylvania decisions, it is an outlier.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS          -7-

Dated this 26th day of May, 2016.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS    -8-